## No. 1513.—O. A. Sehneideau & Co. v. W. T. Pennington & Glidden, owners of Schooner Gipsey.

*The fact of non-delivery of goods shipped must be shown before the owner or shipper can recover their value from the carrier.*

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *George L. Bright*, for plaintiffs, *Race, Foster & E. T. Merrick*, for defendants, *Saucier & Michinard*, for intervenors and appellants.

TALIAFERRO, J.  The plaintiffs claim from the defendants, master and owners of the schooner Gipsey, $1718 72 for supplies furnished and advances made to Pennington & Glidden and the schooner, for which they claim a lien and privilege on the schooner and the property attached.  The defendants being absentees, the plaintiffs took out an attachment under which the vessel was seized, and by a subsequent order of court sold.  The proceeds of sale, amounting to $5000, were held subject to legal distribution.  Ashby, a creditor claiming priority of lien and privilege over the attaching creditors, came in by third opposition, praying to be paid his debt of $311 52 with privilege.

F. X. Barbot, also a third opponent, claimed to be a creditor for $3750 with superior lien to that claimed by the plaintiffs.  The judge *a quo* rejected the claim of Barbot and distributed the funds among the various recognized creditors, of whom the plaintiffs and the opponent Ashby were the principal, and directed the remainder if any to be paid over to the defendants.

From that decree the opponent Barbot appeals.

The contest is now solely between the defendants and Barbot.  This opponent founds his claim upon a bill of lading which recites that on the seventh of April, 1865, twenty-five barrels of Bourbon whisky were shipped by F. X. Barbot on the schooner Gipsey then at Havana and bound for Matamoros, to be delivered at that port "unto order or to assigns."  He avers that the whisky was never delivered, but was sold to pay the debts of the schooner.  An invoice dated at Havana, April 6, 1865, shows that the twenty-five barrels of whisky were shipped from Havana to Matamoros by F. X. Barbot for joint account of the owners of the schooner and D. M. C. Hughes, and consigned to order.  To the same purport is the certificate of Barney Pennington.  The certificate further states that the note given by him at Havana to Hughes for $700 more or less, was for the one-half interest in the shipment, and at the date of the certificate, October, 1865, was still unpaid.  Hughes' receipt for this note appears, showing that he had sold to Pennington a half interest in the adventure for $745 45.  The receipt is dated April 8, 1865.  This comprises the sum of the evidence taken on the trial of the opposition of Barbot and we do not see that his case is made out by it.  He does not allege that he was the owner of the whisky, or that he had shipped it to his own order.  The bill of lading in connexion with the invoice, does not we think establish the ownership to have been in him.  Appended to the certificate of Pennington, as appears in the record, is an assignment by Hughes to Barbot "of the due bill annexed."  This transfer is dated Havana, July 3, 1867, and doubtless refers to the due bill given to Hughes by Pennington for the half interest sold to him in April, 1865.  This operation shows nothing establishing ownership in Barbot of the shipment of whisky by the

schooner, nor does he show, as he alleges non-delivery of the goods shipped. See 11 An. p. 320.

The appellees pray for damages in this case for a frivolous appeal; but we hardly think the case would fully warrant it.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs in both courts.